IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | 8:08CV89 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KURT KINLUND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On August 19, 2008, the court conducted an initial review of Plaintiff's claims. (Filing No. 13.) In that Memorandum and Order, the court permitted some of Plaintiff's claims to proceed and permitted Plaintiff the opportunity to amend other claims in order to state a claim upon which relief may be granted. (*Id.*) In particular, Plaintiff was permitted the opportunity to show that the claims alleged in Case No. 4:05CV3130, and reasserted in this action, are not moot and to state a valid Eighth Amendment claim. (*Id.*) Plaintiff was cautioned that, when filing an amended complaint, he "shall restate the allegations of the current Complaint (case no. 8:08CV89, filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims." (*Id.* at CM/ECF p. 8.)

On September 15, 2008, Plaintiff filed an Amended Complaint. (Filing No. 18.)[1] The Amended Complaint generally sets forth in greater detail the same claims as the original Complaint and seeks only monetary relief. (*Id.* at CM/ECF p. 12.) Plaintiff alleges that Defendants are all employees of the Nebraska Department of Correctional Services and are all sued in both their individual and official capacities.

---

[1] In accordance with NECivR 15.1, the Amended Complaint "supersedes the pleading amended in all respects." Thus, only the claims and Defendants contained in the Amended Complaint are before the court.

(*Id.* at CM/ECF pp. 1, 3.) After reviewing the Amended Complaint and Plaintiff's Response (filing no. 14) and Objection (filing no. 15), the court finds that Plaintiff has complied with its August 19, 2008 Memorandum and Order and that service on Defendants is now warranted.

However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie,* 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan,* 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997).

As Plaintiff alleges in his Amended Complaint, Defendants are all employees of the Nebraska Department of Correctional Services, which is a state entity. (Filing No. 18 at CM/ECF pp. 1, 3.) Further, Plaintiff seeks only monetary relief. Thus, Defendants are entitled to sovereign immunity and Plaintiff's claims against Defendants in their official capacities are dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants in their official capacities are dismissed.

2. Plaintiff's claims against Defendants in their individual capacities, as set forth in the Amended Complaint, may proceed and service is now warranted as to those claims only.

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ELEVEN (11) summons forms and ELEVEN (11) USM-285 forms (for service on Defendants in their individual capacities only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summonses and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

5.    Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.    Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.    The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**April 29, 2009:** Check for completion of service of summons."

8.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

December 30, 2008.        BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge