IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | 8:08CV89 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KURT KINLUND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

      This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 23.) Also pending is Plaintiff's Motion for Summary Judgment (filing no. 33), and Objections to both Motions (filing nos. 36 and 37).

      On August 19, 2008 and December 30, 2008, the court conducted detailed initial reviews of Plaintiff's claims. (Filing Nos. 13 and 21.) In those Memorandum and Orders, the court dismissed Plaintiff's claims against Defendants in their official capacities. Importantly, the court also required Plaintiff to amend his claims in order to state a claim upon which relief may be granted as to each claim. After amendment, the court determined that Plaintiff had set forth enough allegations to "nudge" his claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

      Rather than file an answer, Defendants filed their Motion to Dismiss, alleging that Plaintiff's claims fail to state a claim upon which relief may be granted. (Filing No. 24.) However, the court already resolved that question and declines to revisit it now. For the reasons set forth in its August 19, 2008 and December 30, 2008 Memorandum and Orders, Plaintiff has set forth sufficient facts to nudge his claims across the line from conceivable to plausible. While Plaintiff's claims may ultimately

not withstand a motion for summary judgment,[1] they are enough to withstand a Motion to Dismiss, and the Motion to Dismiss is denied.

Also pending is Plaintiff's Motion for Summary Judgment. (Filing No. 33.) As Defendants correctly point out, no answer has been filed and no discovery has been conducted by the parties. (Filing No. 37.) Thus, the Motion for Summary Judgment is premature and is denied without prejudice to reassertion pursuant to a valid progression order.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (filing no. 23) is denied. Plaintiff's Objection to the Motion to Dismiss (filing no. 36) is granted.

2. Plaintiff's Motion for Summary Judgment (filing no. 33) is denied. Defendants' Objection to the Motion for Summary Judgment (filing no. 37) is granted.

3. In accordance with Federal Rule of Civil Procedure Rule 12(a)(4)(A), Defendants shall file their answer no later than 10 days from the date of this Memorandum and Order.

4. A separate progression order will be entered progressing this matter to final disposition.

June 24, 2009.        BY THE COURT:

                      s/ Joseph F. Bataillon
                      Chief United States District Judge

---

[1] The court notes that Defendants' Motion to Dismiss is similar to a motion for summary judgment. However, it relies on unauthenticated grievances and other documents outside of the Amended Complaint. At this stage of the proceedings, the court must liberally construe Plaintiff's allegations and cannot consider such "evidence." In the event that the parties elect to file motions for summary judgment, they are cautioned that the court will only consider evidence which complies with the Federal Rules of Civil Procedure and the Local Rules of this court.