IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | 8:08CV89 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KURT KINLUND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Notice of Appeal. (Filing No. 57.) On February 4, 2010, the court dismissed Plaintiff's claims and entered judgment against Plaintiff. (Filing Nos. 55 and 56.) Plaintiff filed a timely Notice of Appeal of the court's Judgment. (Filing No. 57.) However, Plaintiff did not submit the appellate filing fee or a motion for leave to proceed in forma pauperis. (Filing No. 58.) Plaintiff is a prisoner and has previously been granted leave to proceed IFP in this matter. (Filing No. 8.)

    As set forth in Federal Rule of Appellate Procedure 24(a)(3):

    (a) Leave to Proceed in Forma Pauperis . . . .
        (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

The court finds that because Plaintiff proceeded IFP in the district court, he may now "proceed on appeal in forma pauperis without further authorization." *Id*.

However, pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff is required to pay the full amount of the court's $455.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.

Here, Plaintiff's account balance is $0.01, so the court cannot assess an initial partial filing fee. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson,* 173 F. Supp. 2d at 957 n.9. Instead, "the whole of the . . .filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson,* 129 F.3d at 484. Therefore, Plaintiff may proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff is permitted leave to appeal in forma pauperis. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $455.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The Clerk of the court shall serve a copy of this order on the appropriate financial officer at Plaintiff's current institution.

3. The Clerk of the court shall also provide the Court of Appeals with a copy of this Memorandum and Order

DATED this 26th day of February, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.